J-S08009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| STEPHEN GERARD GODFREY | : | |
| | : | |
| Appellant | : | No. 664 WDA 2017 |

Appeal from the Judgment of Sentence April 27, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001230-2016

BEFORE:   LAZARUS, J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED FEBRUARY 27, 2018**

Stephen Gerard Godfrey appeals from his judgment of sentence, entered in the Court of Common Pleas of Erie County, after he was convicted, in a nonjury trial, of manufacture of methamphetamine/child injured,[1] operating a methamphetamine laboratory and illegal dumping of methamphetamine waste,[2] and endangering the welfare of children.[3]  Upon careful review, we affirm.

The charges in this matter arise from Godfrey's illicit production of methamphetamine in the apartment in which he lived, located at 663 West

---

[1] 35 P.S. § 780-113(a)(38)(ii).

[2] 35 P.S. § 780-113.4(b)(1).

[3] 18 Pa.C.S.A. § 4304(a)(1).

---

\*   Former Justice specially assigned to the Superior Court.

Fourth Street in Erie. On February 4, 2016, a fire and explosion occurred in the apartment, seriously injuring Godfrey's then-three-year-old child. Although the fire was originally ruled accidental,[4] police subsequently obtained additional information that led them to believe it may have been related to the production of methamphetamine.[5]

Police subsequently discovered that Godfrey's girlfriend had rented the apartment and Godfrey resided there with her. When Godfrey's girlfriend moved out, Godfrey reached an agreement with the landlord's son, Ray Kovalesky, that he could remain in the apartment so long as he paid rent and utilities. At the time of the explosion, Godfrey had not paid rent since August 2015. Police obtained permission to search the apartment from the landlord, Arlene Kovalesky, who was under the impression that Godfrey had moved out.

Upon entering the unlocked apartment, the police found evidence that the unit had been used as a "one pot" methamphetamine lab. Inspector

---

[4] Fire Inspector Guy Santone initially concluded that the fire had been caused by a blanket being too close to a gas heater. Inspector Santone had also noticed an extension cord plugged into an outlet in the basement and running up to Godfrey's second-floor apartment. The cord was plugged into a power strip with multiple outlets, leading Inspector Santone to conclude that the apartment's occupant was stealing electricity from the basement.

[5] Shawn Lewis, a friend of Godfrey's, contacted police to inform them that Godfrey had dumped bags of garbage on his property without permission and that the bags contained items related to the manufacture of methamphetamine. When police searched the bags, they discovered waste materials from a methamphetamine lab, as well as articles of mail indicating that the bag belonged to Godfrey, residing at 663 West Fourth Street in Erie.

Santone returned to the apartment and concluded that the fire had been caused by a methamphetamine lab explosion.

Godfrey was charged with numerous counts related to the operation of the methamphetamine lab. On July 22, 2016, he filed an omnibus pre-trial motion in which he sought the suppression of all evidence seized as a result of the warrantless search by police of the apartment. After a hearing, the court denied the motion. Following a stipulated nonjury trial, the court found Godfrey guilty of the above three offenses and, on April 27, 2017, sentenced him to a term of 2½ to 5 years' incarceration, followed by 2 years' probation. This timely appeal follows, in which Godfrey claims that the trial court erred in denying his suppression motion.

When briefing the issues that have been preserved for appeal, it is an appellant's duty to present arguments that are sufficiently developed for our review. *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012). "The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." *Id.*, quoting *Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). This Court "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *Hardy*, 918 A.2d at 771.

Here, aside from a short paragraph setting forth our standard of review of the denial of a motion to suppress, Godfrey's appellate argument consists entirely of the following:

> Pursuant to the United States and Pennsylvania Constitutions, people have the right to be secure against "unreasonable searches and seizures." In the present case, [Godfrey's] apartment was searched without a search warrant. The police in searching the residence relied upon information gathered by the Erie Police's interview with Arlene [Kovalesky]. Ms. [Kovalesky] gave the police permission to search the apartment. Acting upon this permission, the police searched the residence and recovered evidence presented during the non-jury trial in this case. This was done in error as Ms. [Kovalesky] had neither the authority nor was the agent in charge of granting permission for the police to search the residence. [Godfrey] had not yet been evicted from the premises and therefore, under the law, was still a tenant and in possession of the premises. Only [Godfrey] was the rightful person to give permission to search the apartment as he remained the lawful possessor of the premises until his subsequent eviction.

Brief of Appellant, at 5.

Godfrey's argument includes neither citations to the record, nor to any legal authority in support of his claim. His argument is devoid of any meaningful discussion of, or citation to, relevant legal authority regarding searches and seizures generally or, as particularly relevant to this matter, the expectation of privacy, apparent authority, or inevitable discovery. This complete lack of analysis does not allow for meaningful appellate review.

Accordingly, because Godfrey's argument on his sole appellate issue lacks any meaningful discussion, we conclude that the issue is waived.[6]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/27/2018

---

[6] Even if Godfrey's claim was not waived, he would be entitled to no relief. As the trial court properly concluded in its opinion filed on December 2, 2016, based on his abandonment of the premises and his status as, at best, a squatter, Godfrey had no reasonable expectation of privacy in the premises. *See* Trial Court Opinion, 12/2/16, at 7, citing *Commonwealth v. Bostick*, 958 A.2d 543 (Pa. Super. 2008), and *Commonwealth v. Gordon*, 683 A.2d 253 (Pa. 1996). Moreover, the apartment's owner possessed actual and apparent authority to consent to the search by police. Accordingly, the trial court did not err in denying Godfrey's motion to suppress.